FILED

1 | JESSICA N. TROTTER (SBN 251457)
2 | SARAH R. WOLK (SBN 251461)

2012 JAN 31  AM 10: 20

3 | ZACHARY LEVINE (SBN 265901)
WOLK LEVINE & TROTTER, LLP

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

4 | 550 N. Brand Blvd., Ste 625
Glendale, CA 91203

BY_____

5 | Tel: (818) 241-7499
6 | Fax: (323) 892-2324
7 | Email:    jnt@wltlawyers.com
                srw@wltlawyers.com
8 |             zjl@wltlawyers.com
9 |
Attorneys for Plaintiffs
10 | BLUE PHOENIX MEDIA INC., et al.

11 |

12 |                UNITED STATES DISTRICT COURT

13 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 |

15 | BLUE PHOENIX MEDIA, INC., a New )   CASE NO.: CV 12   0834 CAS
16 | York Corporation; AMY SHERIDAN, )                           (MRWx)
an individual; MALAIKA SCHMIDT, an )
17 | individual,                    )   **COMPLAINT FOR:**
18 |                                )
                     Plaintiffs,   )   **1. Breach of Written Settlement**
19 |                                )      **Agreement**
              vs.                  )   **2. Defamation**
20 |                                )   **3. Fraud in the Inducement**
ESSOCIATE, INC., a Delaware        )
21 | corporation; EVAN HOROWITZ, an )
individual; MICHAEL LANDAU, an     )   **JURY DEMAND**
22 | individual,                    )
23 |                                )
24 |                  Defendants.   )
25 |

26 |

27 |

28 |

1
**COMPLAINT**

Plaintiffs Blue Phoenix Media, Inc., Amy Sheridan, and Malaika Schmidt (collectively referred to herein as "Plaintiffs"), through the undersigned counsel, file the following Complaint for damages and demand for jury trial, complaining of Essociate, Inc. and Evan Horowitz (hereinafter collectively referred to as "Defendants") as follows:

## THE PARTIES

1.    Plaintiff BLUE PHOENIX MEDIA, INC. ("Blue Phoenix") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York, County of New York.

2.    Plaintiff AMY SHERIDAN ("Sheridan") is, and at all times material hereto was, an individual residing in the State of New York, County of New York.

3.    Plaintiff MALAIKA SCHMIDT ("Schmidt") is, and at all times material hereto was, an individual residing in the State of New York, County of New York.

4.    Defendant ESSOCIATE, INC. ("Essociate") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California, County of San Francisco.   On information and belief, Essociate has regularly conducted business in the State of California, County of Los Angeles.

5.    On information and belief, Defendant EVAN HOROWITZ ("Horowitz") is, and at all times material hereto was, an individual residing in the State of California, County of San Francisco.   On information and belief, Horowitz is an officer, director and/or principal of Essociate.

6.    On information and belief, Defendant MICHAEL LANDAU ("Landau") is, and at all times material hereto was, an individual residing in the State of California, County of San Francisco.   On information and belief, Landau is an officer, director and/or principal of Essociate.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC §1332 because this action involves persons and entities which "reside" in different states, and because the amount in controversy exceeds $75,000.00.   This Court has personal jurisdiction over the parties named herein because the parties have transacted business within this state and have engaged in sufficient contacts within the State of California.

8.     Venue is proper within the Central District of California pursuant to the subject Agreement's forum selection clause, which states in relevant part, "[t]he exclusive venue for such an action shall be the United States District Court for the Central District of California."

## FACTUAL BACKGROUND

9.     In March 2010, Essociate commenced an action against, among others, Blue Phoenix, alleging infringement of United States Patent No. 6,804,660 (the "Patent"), United States District Court Case No. CV10-02107-JVS (the "Action").   Blue Phoenix counterclaimed in the Action, asserting that the claims of the Patent were not infringed and were invalid and unenforceable.

10.     On information and belief, the Action was among the first of many lawsuits contemplated, threatened, and/or commenced by Essociate for alleged infringement of the Patent.

11.     During the Action, Essociate (through Landau and Horowitz) and Blue Phoenix (through Sheridan and Schmidt), commenced negotiation of settlement of their respective claims.   In November 2011, the Parties entered into a Settlement Agreement (the "Agreement"), which purported to resolve the claims asserted by each in the Action.

12.     Paragraph 1 of the Agreement states in relevant part, "[o]ther than the Payment, Essociate acknowledges and agrees that no royalties, license fees or other fees or amounts are payable at any time by the Blue Phoenix Parties."

13.     Paragraph 3.4 of the Agreement states, "[t]his Agreement sets forth a compromise and settlement of disputed claims for the purpose of avoiding the costs, disruptions, and uncertainties associated with further litigation.  Such compromise and settlement does not constitute a ruling on the merits, an admission as to any issue of fact or principle of law or an admission of liability of Blue Phoenix.  Without limiting the foregoing, no admission is made or deemed made by Blue Phoenix by execution of this Agreement ... as to the validity or enforceability of the [Patent] or of Blue Phoenix's alleged infringement thereof."

14.     Paragraph 5.1 of the Agreement states in pertinent part, "[e]ach Party agrees to retain in confidence all information and knowledge, and all discussions and negotiations, transmitted or communicated to such Party in the course of all dealings between and among the Parties related to the subject matter of this Agreement..."

15.     Paragraph 5.4 of the Agreement states in pertinent part, "[t]he Parties further mutually covenant and agree that for a period of one (1) year after the Effective Date, Michael Landau and Evan Horowitz will not disparage Amy Sheridan, Malaika Schmidt, or Blue Phoenix, or encourage disparagement of them..."

16.     Less than forty-eight (48) business hours after the execution of the Agreement, Horowitz, on behalf of Essociate and Landau, published to individuals and/or entities, in substance, verbally and/or in writing, the following statements regarding Blue Phoenix, Sheridan, the Action, and the Patent: "Amy is the original loud dissenter that trolled us in your group.  She just licensed my patent after a year of waiting on her to accept our best terms.  She got the same deal she could have had a year ago.  Trust me, we are not shutting anyone down, not even close.  We are protecting our patent and funding the growth of our biz.  I am not sure why people like yourself are so influenced by opinions over facts.  It is not like we need your group in order to find infringers lol."

17.    The above-referenced recipient individuals and/or entities constitute Plaintiffs' actual and contemplated customers, partners and/or business associates. On information and belief, the above-referenced recipient individuals and/or entities are actual and/or threatened defendants in other lawsuits commenced by Essociate for alleged infringement of the Patent.

## FIRST CLAIM FOR RELIEF

### BREACH OF SETTLEMENT AGREEMENT

<u>As and for a First Claim for Relief Against Defendant Essociate, Plaintiff Blue Phoenix Alleges as Follows:</u>

18.    Plaintiffs incorporate paragraphs 1 through 17, inclusive, as though fully set forth at this place.

19.    As set forth hereinabove, in November 2011, Blue Phoenix and Essociate entered into the Agreement, wherein Essociate and Horowitz covenanted and agreed that they would not disparage Sheridan, Schmidt or Blue Phoenix for a period of one year after the execution of the Agreement.

20.    Less than forty-eight (48) business hours after the execution of the Agreement, Essociate, through Horowitz, breached the Nondisparagement provision of the Agreement (Paragraph 5.4) by, without limitation, publicly accusing Blue Phoenix and Sheridan of being a "loud dissenter" of Essociate's alleged Patent rights, and of trolling Essociate and their efforts to enforce the Patent.    Additionally, Essociate, through Horowitz, misrepresented that Blue Phoenix and Sheridan licensed the Patent upon the resolution of the Action, thereby falsely portraying Blue Phoenix and Sheridan as infringers of the Patent.

21.    Essociate, through Horowitz, also breached the Paragraph 5.1 of the Agreement, which prohibits disclosure of <u>all</u> negotiations, discussions and communications related to the subject matter of the Agreement, by publicly proclaiming that Sheridan (and by extension Blue Phoenix) "got the same deal that she could have had a year ago."

22.     Blue Phoenix, Sheridan and Schmidt have performed their obligations under the Agreement, except for those obligations of performance which have been precluded and/or excused by Essociate and Horowitz's breach.

23.     The actions of Defendants as alleged herein have discredited Plaintiffs in their professional relationships, have disrupted their actual and potential business and contractual relationships, and have impacted Plaintiffs' ability to do business.

24.     As a direct and proximate result of Essociate and Horowitz's breach of the Agreement, Plaintiffs have been damaged in an amount according to proof, but which amount exceeds the jurisdictional minimum of this Court.

25.     Pursuant to Paragraph 5.4 of the Agreement, Plaintiffs are entitled to recover the reasonable attorneys' fees and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF

### DEFAMATION

### As and for a Second Claim for Relief against Defendants and Each of Them,

### Plaintiffs Allege as Follows:

26.     Plaintiffs incorporate paragraphs 1 through 17, inclusive, as though fully set forth at this place.

27.     Less than forty-eight (48) business hours after, Horowitz published to Sheridan and Schmidt's actual and contemplated customers, partners and/or business associates, in substance, verbally and/or in writing on a networking website, the following statements regarding Sheridan, the Action, and the Patent: "Amy is the original loud dissenter that trolled us in your group. She just licensed my patent after a year of waiting on her to accept our best terms. She got the same deal she could have had a year ago. Trust me, we are not shutting anyone down, not even close. We are protecting our patent and funding the growth of our biz. I am not sure why people like yourself are so influenced by opinions over facts. It is not like we need your group in order to find infringers lol."

28. The foregoing statements are false statements. The foregoing statements are defamatory *per se* in that they accuse Plaintiffs of misconduct and dishonesty (to wit, the statements portray Plaintiffs as thieves of the Patent), which would tend to directly injure them in business and in their professional relationships.

29. At the time the foregoing statements were published, Defendants knew that the statements were false, or acted with reckless disregard for the truth of the statements.

30. The foregoing statements, by their natural consequence, may cause and have caused Plaintiffs damage to their reputations and standing in their professional community.

31. As a direct and proximate result of Essociate and Horowitz's defamatory statements, Plaintiffs have been damaged in an amount according to proof, but which amount exceeds the jurisdictional minimum of this Court.

32. The foregoing statements are not privileged, are defamatory and outrageous, and were published with willful or callous disregard of Plaintiffs' rights, with malice and oppression, and with the intent to injure Plaintiffs' reputation. Defendants' conduct warrants an assessment of punitive damages in an amount appropriate to punish them and to deter others from engaging in similar wrongful conduct, in an amount according to proof at trial.

### THIRD CLAIM FOR RELIEF

FRAUD IN THE INDUCEMENT

<u>As and for a Third Claim for Relief against Defendants, and Each of Them,</u>

Plaintiffs Allege as Follows:

33. Plaintiffs incorporate paragraphs 1 through 17, inclusive, as though fully set forth at this place.

34. In November 2011, Defendants entered into the Agreement whereby, among other things, Essociate (1) disclaimed any and all liability of either party to

the Agreement in the Action, (2) acknowledged that Plaintiffs would not remit any royalties or licensing fees to Essociate for use of the Patent, and (3) agreed to refrain from disparaging Plaintiffs for one year.

35.   At the time that these concessions and representations were made by Defendants, Defendants knew that they did not intend to comply with the Agreement, but instead made the concessions and representations in order to induce Plaintiffs to enter into the Agreement so that Defendants could use the Agreement as leverage in the other and additional Patent infringement lawsuits they have filed, and/or have threatened to file, and so that Defendants could represent the Settlement Payment to constitute a license for use of the Patent in order to obtain a license from other individuals/entities.

36.   At the time that these concessions and representations were made by Defendants, and the Parties entered into the Agreement, Plaintiffs were ignorant of their falsity, and could not, by exercise of reasonable diligence, have discovered Defendants' fraudulent intent.

37.   In reasonable and foreseeable reliance upon said concessions and representations, Plaintiffs entered into the Agreement, whereby they waived Blue Phoenix's counter-claims against Essociate and became obligated to pay certain settlement sums.   Had Plaintiffs known that Defendants had no intention of complying with the Confidentiality and Nondisclosure provision of the Agreement (Paragraph 5.4), Blue Phoenix would never had entered into the Agreement, or otherwise waived its counter-claims against Essociate.

38.   As a direct and proximate result of Defendants' fraudulent conduct alleged herein, Plaintiffs have been damaged in an amount according to proof, but which amount exceeds the jurisdictional minimum of this Court

39.   Plaintiffs are informed and believe and thereon allege that Defendants' acts were done intentionally, fraudulently, oppressively, maliciously, and/or with reckless disregard for Plaintiffs' rights.   Defendants' conduct warrants

COMPLAINT

1 || an assessment of punitive damages in an amount appropriate to punish them and to

2 || deter others from engaging in similar wrongful conduct, in an amount according to

3 || proof at trial

### **PRAYER**

Wherefore, Plaintiffs pray for judgment as follows:

A.  As and to all Claims for Relief, enter judgment for Plaintiffs on the counts named therein;

B.  As and to the First, Second and Third Claims for Relief, award to Plaintiffs general and compensatory damages in an amount according to proof;

C.  As and to the Second and Third Claims for Relief, award to Plaintiffs punitive and exemplary damages in an amount according to proof;

D.  For attorneys' fees as permitted by the Agreement;

E.  For reasonable costs incurred; and

F.  For such other and further relief as this Honorable Court deems just and proper.

DATED:  January 30, 2012                    WLT LAWYERS


By:  Jessica N. Trotter
Attorneys for Plaintiffs
BLUE PHOENIX MEDIA, INC.,
AMY SHERIDAN, MALAIKA
SCHMIDT

1

## JURY DEMAND

2    Plaintiffs  BLUE  PHOENIX  MEDIA,  INC.,  AMY  SHERIDAN,  and

3  MALAIKA SCHMIDT demand a jury trial in this action.

4

5  DATED:  January 30, 2012                    WLT LAWYERS

6

7

8  By:  Jessica N. Trotter
    Attorneys for Plaintiffs
9  BLUE PHOENIX MEDIA, INC.,
    AMY SHERIDAN, MALAIKA
10  SCHMIDT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> BLUE PHOENIX MEDIA, INC., a New York corporation; AMY SHERIDAN, an individual; MALAIKA SCHMIDT, an individual, | **DEFENDANTS** <br> ESSOCIATE, INC., a Delaware corporation; EVAN HOROWITZ, an individual; MICHAEL LANDAU, an individual, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Wolk Levine & Trotter, LLP <br> 550 N. Brand Blvd., Ste 625, Glendale, CA 91203 <br> Tel: 818-241-7499 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** In Excess of $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Act <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Info. Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☑ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise <br> **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Fed. Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury-Med Malpractice <br> ☐ 365 Personal Injury-Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus-Alien Detainee <br> ☐ 465 Other Immigration Actions | ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability <br> **BANKRUPTCY** <br> ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 445 American with Disabilities - Employment <br> ☐ 446 American with Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus/Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> **FORFEITURE / PENALTY** <br> ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety /Health <br> ☐ 690 Other | ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   CV12   0834

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | All Plaintiffs - New York |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | All Defendants - San Francisco |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date January 30, 2012

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 834 CAS (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jessica N. Trotter (SBN 251457)
Wolk Levine & Trotter, LLP
550 N. Brand Blvd., Ste 625
Glendale, CA 91203
Tel:  818-241-7499   Fax: 323-892-2324

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE PHOENIX MEDIA, INC., A New York Corporation; AMY SHERIDAN, an individual; MALAIKA SCHMIDT, an individual, <br><br> PLAINTIFF(S) <br><br> v. <br><br> ESSOCIATE, INC., a Delaware corporation; EVAN HOROWITZ, an individual; MICHAEL LANDAU, an individual, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 12  0834-CAS(mrwx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Wolk Levine & Trotter, LLP_____, whose address is _550 N. Brand Blvd., Ste 625, Glendale, CA 91203_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JAN 3 1 2012___

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*