FILED
2012 JAN 31 AM 10: 21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1  JESSICA N. TROTTER (SBN 251457)
2  SARAH R. WOLK (SBN 251461)
   ZACHARY LEVINE (SBN 265901)
3  WOLK LEVINE & TROTTER, LLP
4  550 N. Brand Blvd., Ste 625
   Glendale, CA 91203
5  Tel:  (818) 241-7499
6  Fax: (323) 892-2324
7  Email:    jnt@wltlawyers.com
             srw@wltlawyers.com
8            zjl@wltlawyers.com
9  Attorneys for Plaintiffs
10 BLUE PHOENIX MEDIA INC., et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE PHOENIX MEDIA, INC., a New York Corporation; AMY SHERIDAN, an individual; MALAIKA SCHMIDT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ESSOCIATE, INC., a Delaware corporation; EVAN HOROWITZ, an individual; MICHAEL LANDAU, an individual,<br><br>Defendants. | CASE NO. CV 12 0834-CAS (MRW)<br><br>**CORPORATE DISCLOSURE STATEMENT**<br><br>[C.D. LOCAL RULE 7.1] |

1

CORPORATE DISCLOSURE STATEMENT

| | |
|---|---|
| 1 | Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Blue Phoenix Media, Inc. discloses that it has no parent corporation and that no publicly held company owns ten percent (10%) or more of its stock. |

DATED: January 30, 2012                    WLT LAWYERS

*[signature]*

By: Jessica N. Trotter
Attorneys for Plaintiffs
BLUE PHOENIX MEDIA, INC., AMY SHERIDAN, MALAIKA SCHMIDT

FILED
2012 JAN 31 AM 10: 25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE PHOENIX MEDIA, INC., et al<br><br>PLAINTIFF(S)<br>v.<br><br>ESSOCIATE, INC., et al<br><br>DEFENDANT(S). | CASE NUMBER<br><br>2:12-CV-834-CAS (MRWx)<br><br><br>NOTICE TO PARTIES OF<br>COURT-DIRECTED ADR PROGRAM |

**NOTICE TO PARTIES:**

    It is the policy of this Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means, including Alternative Dispute Resolution (ADR), to accomplish this goal. *See* Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16-15.1.

    The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court's Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. A settlement conference with a Magistrate Judge is generally not available to the parties. For more information about the Mediation Panel, visit the Court website, located at www.cacd.uscourts.gov, under the "ADR Section."

    Pursuant to Civil L.R. 26.1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed. R. Civ. P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Fed. R. Civ. P. 26(f) Report: 1) whether the case is best suited for mediation with a member of the Court's Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26.1(c).

    At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court's Mediation Panel or to private mediation and when the mediation should occur. The Court will thereafter enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

Dated: January 31, 2012

By: MDAVIS

Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

The federal courts are open and available to all litigants having disputes falling within federal court jurisdiction and guarantee the right to trial and, where applicable, jury trial in all appropriate cases.

It is nonetheless the policy of this Court to encourage parties to attempt to settle their disputes where possible and, with their counsel, to use either court-directed or private alternative dispute resolution (ADR) methods for reaching resolution.

ADR is the term used to describe options available for settling a dispute. Such options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact finding, which may reduce the time to resolution and the costs of court litigation. Whether any of these alternatives is appropriate should be discussed with your counsel.

This Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. The Panel Mediators have at least ten years legal practice experience and are appointed by the Court to serve a two year term, which may be renewed. They volunteer their preparation time and the first three hours of a mediation session. For more information about the Mediation Panel and the profiles of the mediators, visit the Court website, www.cacd.uscourts.gov, under the ADR section.

Despite the efforts of the courts to timely and efficiently handle cases with a goal of reaching a fair and just outcome in accordance with the law, litigation has become increasingly expensive and often a lengthy process. Counsel and their clients should carefully consider the anticipated expense of litigation, its uncertainties, the time to trial, the time on appeal if appealed, the burdens on a client's time, and the costs and expenses in relation to the amounts or stakes involved.

It has been the experience of this Court that of over 9,000 civil cases filed in the District annually, fewer than 2% go through trial to judgment. The balance are, for the most part, settled between the parties, voluntarily dismissed, resolved through court-directed or other forms of ADR, dismissed by the Court as lacking in merit or for other reasons provided by law.

This Court requires that counsel discuss with their client the ADR options available to them and come prepared to discuss the party's choice of ADR at the initial scheduling conference. Counsel are also required to indicate their client's view of ADR in advance of that conference. *See* Civil L.R. Rule 26.1(c) and Fed. R. Civ. P. 26(f).